# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>                Plaintiff,<br><br>     v.<br><br>CLOVIS WALMART, et al.,<br><br>                Defendants. | Case No. 1:13-cv-01537-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE<br><br>(ECF No. 2)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff John Ray Dynes, a state prisoner proceeding pro se, filed this action against Defendants Walmart and "Wade," seeking monetary and equitable damages predicated on allegations that Defendants falsely accused Plaintiff of burglary and petty theft.  (Doc. 1.)  Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.   (Doc. 2.)

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the

complaint is filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. *Andrews v. Cervantes,* 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury; thus, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action be DENIED; and

2. This action be DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2013**              /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice that on at least three occasions, Plaintiff's complaints have been dismissed within the meaning of Section 1915(g).  *See, Dynes v. Kern County Superior Court*, No. 1:07-cv-01599-AWI-TAG (E.D. Cal.) (dismissed January 18, 2008 for failure to state a claim); *Dynes v. Fresno County Superior Court*, 1:07-cv-01659-AWI-DLB (E.D. Cal.) (dismissed April 14, 2008 for failure to state a claim); *Dynes v. Garcia,* No. 2:11-cv-01682-ROS-LOA (D. Ariz.) (dismissed September 30, 2011 for failure to state a claim).

2